UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN P. LOVEJOY and KATHRYN E. McINNIS,　　　　　　　　No. 04-11490

　　　　　　　　　　Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

　　　　Debtor John Lovejoy and creditor Peter Cho are both medical doctors. At one time, they were partners in a medical practice. Lovejoy and his wife filed their Chapter 11 petition on June 18, 2004. They were unable to confirm a plan during the exclusivity period. Both Lovejoy and Cho have filed competing Chapter 11 plans. The court must now decide which plan to confirm pursuant to § 1129(c) of the Bankruptcy Code.

　　　　Both plans are in essence liquidating plans. The main difference is that under Lovejoy's plan all issues will be fully litigated whereas under Cho's plan a trustee is appointed and areas of contention between him and Lovejoy are submitted to binding arbitration.

　　　　The court wastes little time on Lovejoy's plan, which is patently unconfirmable. It evidences the same lack of grounding in reality that he has demonstrated throughout the case. A typical example is that Lovejoy's plan provides no mechanism for the sale of his home, which has considerable equity, in the event that creditors remain unpaid after all the litigation his plan contemplates. Lovejoy's explanation is simple: he says there is no way he can lose the litigation, so it is impossible for there to be any unpaid

1

creditors. The court finds this position fatally defective. A realistic plan would recognize that nobody can predict the course of litigation or guarantee success, and would contain contingencies to cover all results, not just total victory. Lovejoy has not demonstrated feasibility to the court, and the court must deny confirmation for this reason alone.

Further evidence of Lovejoy's naivete is apparent in his complete disregard of claims filed by Cho on behalf of himself and the partnership. Pursuant to § 502(a) of the Bankruptcy Code, a claim is deemed allowed unless an objection is filed. Section 1126(a) provides that the holder of a claim allowed under § 502 is entitled to vote on a plan. The proper procedure for a plan proponent to follow is to object to a claim it believes is not entitled to vote; the court can then estimate the claim for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure. See, e.g., *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 774 (Bankr.S.D.N.Y. 1996). Instead of following this procedure, Lovejoy has chosen to simply ignore the claims and asks the court to assume, as he does, that they are invalid and should not be counted. The result of this ostrich approach to plan confirmation is that Lovejoy's plan cannot be confirmed without employing a "cramdown," whereas Cho's can. Section 1129(c) requires the court to consider the preferences of creditors, so a plan not requiring a cramdown is generally preferred to one that does and, in any event, Lovejoy has not established the propriety of a cramdown.

Since Lovejoy has been in Chapter 11 for well over a year and has failed to come up with a confirmable plan, and since Cho's plan meets all requirements of § 1129 of the Code without requiring a cramdown, the court will confirm Cho's plan. The only questions in the court's mind are whether the law requires the possibility of an overbid before property can be sold to a plan proponent[1] and whether the effective date of the plan should be after the state court trial set for early next month. The court will hear argument on these two issues only on August 26, 2005, at 10:00 A.M. or such other time as the parties may agree upon or the court order upon application.

---

[1] Lovejoy objects to this provision without citing a single case, statute or other authority.

2

1  For the foregoing reasons, confirmation of Lovejoy's plan will be denied.  Counsel for Cho shall
2  submit an appropriate form of order forthwith.  Cho's plan will be confirmed, with such modifications as
3  the court may require after hearing on August 26.  No order will be entered as to Cho's plan until after
4  said hearing.

Dated: August 17, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

3