UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN P. LOVEJOY and KATHRYN E. McINNIS,    No. 04-11490

Debtor(s).
_____/

Memorandum re Objection to Compromise
_____

      Debtor John Lovejoy and creditor Peter Cho are both medical doctors. At one time, they were partners in a medical practice before a dispute and litigation arose between them. Lovejoy and his wife filed their Chapter 11 petition on June 18, 2004.

      Lovejoy languished in Chapter 11 for over a year without obtaining confirmation of a plan. During that time, the court became convinced that Lovejoy was using the Chapter 11 process to facilitate his feud with Cho, which was pending in state court. It did not appear that Lovejoy had any regard for his creditors or his bankruptcy estate. He did not appear capable of a rational and dispassionate evaluation of his legal position, and caused the estate to incur large legal bills fighting Cho both before this court and in state court.

      In August, 2005, the court rejected Lovejoy's proposed plan of reorganization and confirmed a plan proposed by Cho. This plan called for appointment of a Liquidating Trustee to manage the bankruptcy estate and binding arbitration to resolve the pending legal disputes. The plan specifically provides that the Liquidating Trustee shall "[r]epresent the interests of the estate in the partnership

1

dissolution arbitration and arbitration of related issues with the power to compromise or otherwise liquidate interests of the Debtors therein . . ."

The Liquidating Trustee appears to have properly undertaken his responsibilities, and has retained competent counsel to represent him and a qualified accountant to advise him regarding the financial issues involved in the case. He has entered into a compromise with Cho whereby Cho would receive all of the estate's partnership interest for a cash payment of $75,000.00 and waiver of any right to payment of administrative expenses (of which $26,200.00 has already been approved), payment of all expenses of partnership dissolution including the state-court-appointed receiver, and release of all claims against the estate except for an unsecured claim reduced to $18,000.00. True to form, Lovejoy has objected.

Lovejoy's objection nowhere states that the compromise reached by the Liquidating Trustee is unreasonable. He only carts out the same "battle of the accountings" the court has heard about for a year and a half, seeming to expect that the court should reject the compromise because he has claims against Cho which may be valid. The court has many more things to take into account, as Lovejoy should have when he was debtor in possession. These include the costs of further litigation, the certainty of victory (always overstated by Lovejoy), the reasonableness of the settlement, tax consequences, and numerous other matters which go into determining if a compromise is prudent.

The Liquidating Trustee's response demonstrates that he has diligently analyzed the estate's position, including all information provided by Lovejoy. The Liquidating Trustee's accountant does not agree with Lovejoy's position. However, more importantly, the Liquidating Trustee has concluded that the possibility that Lovejoy is correct is inadequate to justify expensive litigation over complicated accounting issues. It is this determination, which Lovejoy has never made, which is at the heart of approval of a compromise, not whether one position or another is right or wrong. The L:iquidating Trustee has listened to Lovejoy's accountant, Cho's accountant and his own independent accountant. He has made a determination that the compromise he has reached with Cho is better for the estate than litigating the issues, taking into account both the expense involved and the odds of prevailing. He also

fears, with good reason, that the estate could end up administratively insolvent due to possible tax consequences. His analysis appears to the court to be well-informed and sound.

Moreover, Lovejoy's standing to oppose the compromise is doubtful. He concedes that there will be no surplus, so rejection of the compromise and litigation of the disputed issues will not result in an economic benefit to him. He merely wishes, as he did for over a year before his affairs were vested in the Liquidating Trustee, to use his scant estate resources to pursue his personal issues with Cho. The Liquidating Trustee, recognizing that this is not in the best interests of the estate, has rejected continued litigation in favor of a reasonable compromise.

For the foregoing reasons, Lovejoy's objection will be overruled and the compromise will be approved. Counsel for the Liquidating Trustee shall submit an appropriate form of order.

Dated: December 12, 2005

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge